UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

EDWARDS BUSINESS MACHINES, INC.
d/b/a VIRGINIA BUSINESS SYSTEMS,

    Plaintiff,

v.

VIRGINIA UNION UNIVERSITY,

    Defendant.

Action No. 3:10–CV–286

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment. (Doc. No. 14.) The parties appeared before this Court on Tuesday, November 2, 2010, to present oral arguments. For the reasons stated below, the Court GRANTS Plaintiff's Motion for Summary Judgment.

### I. BACKGROUND

Virginia Business Systems ("VBS") sells and leases office equipment. VBS entered into a lease agreement with Virginia Union University ("VUU") on August 8, 2007, under which VBS leased twenty-nine photocopiers and related accessories to VUU for a monthly fee. The parties entered into a second lease agreement on March 8, 2009. This agreement allowed VUU to refinance its payment obligations and included an additional copier and accessories. It had the same terms as the first agreement regarding the copier equipment and accessories.

Under both lease agreements, VUU was to pay VBS a monthly fee for the photocopiers and related accessories, including toner.

VUU employed Arsham Dabney ("Dabney") as manager of the campus Copy Center. It is undisputed that, as Copy Center Manager, Dabney was responsible for ordering toner from VBS and receiving the cartridges upon arrival on campus. Over the course of one year, Dabney ordered 1,182 cartridges in excess of what VUU needed for the copiers. Dabney received the excess toner when it arrived at VUU and sold it to third parties. It is undisputed that Dabney was able to order the excess toner because of his position at VUU and the only reason he had access to the toner was because of the authority granted him by VUU. VBS detected the ordering of excess toner during an internal audit in May 2009 and immediately notified VUU. VUU decided to involve the police in the matter. Dabney subsequently pled guilty to two counts of felony embezzlement in the Circuit Court for the City of Richmond.

VBS sent VUU an invoice in the amount of $180,134.00 for the toner Dabney ordered and sold to third parties. The amount remains unpaid. VBS filed the Complaint in this case against VUU seeking the cost of the excess toner as well as late fees of fifteen percent and reasonable costs and attorneys' fees, all of which are provided for in the lease agreements.

II.  **LEGAL STANDARD AND APPLICABLE LAW**

A motion for summary judgment should be granted where "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that

2

are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of establishing the nonexistence of a triable issue of fact by "showing . . . that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

A court may consider the parties' pleadings, discovery, disclosure materials, and affidavits to determine if a triable issue exists. Fed. R. Civ. P. 56(c)(2). "Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Auth., 830 F. Supp. 889, 897 (E.D. Va. 1993) (internal citation omitted). All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing [the] motion." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal citation omitted).

A federal court sitting in diversity must apply the substantive law of the forum state. St. Paul Fire & Marine Ins. Co. v. Am. Int'l Specialty Lines Ins. Co., 365 F.3d 263, 272 (4th Cir. 2004). Because this case involves contract and tort claims and the Court is sitting in diversity, Virginia contract and tort law apply. Space Tech. Dev. Corp. v. Boeing Co., 209 Fed. Appx. 236, 239 (4th Cir. 2006); Shaw v. Titan Corp., 1998 U.S. App. LEXIS 10080, *12-13 (4th Cir. May 18, 1998).

III.  DISCUSSION

    a. Facts in Dispute

VUU disputes several facts set forth by VBS. Each of the disputed facts pertains to whether VUU was entitled to unlimited toner under the lease agreements. VBS maintains that the monthly payments provided for in the lease agreements included payment for toner cartridges commensurate with VUU's use of the copier equipment. VUU disputes this and asserts that it was entitled to unlimited toner. VBS asserts that Dabney was the only person authorized to order toner and that VUU made it clear to VBS that only Dabney could place toner orders. VUU disputes these facts and contends that it was not clear to all VUU representatives that only Dabney could order toner. Finally, VBS asserts that VUU was not entitled to the extra cartridges ordered by Dabney. VUU, on the other hand, contends that it was entitled to as many cartridges as requested.

    b. VUU is Liable Under the Doctrine of Respondeat Superior

Under the doctrine of respondeat superior, "an employer is liable for the tortious acts of its employee if the employee was performing his employer's business and acting within the scope of his employment when the tortious acts were committed." Plummer v. Ctr. Psychiatrists, 252 Va. 233, 235 (1996). An act is within the scope of employment if

> (1) it was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed, although mistakenly or ill-advisedly, with the intent to further the employer's interest, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business, 'and did not arise wholly from some external, independent, and personal motive on the part of the [employee] to do the act upon his own account.'

Kensington Assocs. v. West, 234 Va. 430, 432 (1987) (quoting Broaddus v. Standard Drug Co., 211 Va. 645, 653 (1971)).

The plaintiff has the burden of proving that an employee acted within the scope of his or her employment at the time of an alleged act. Gina Chin & Assocs. v. First Union Bank, 260 Va. 533, 542 (2000). There is, however, a rebuttable presumption of employer liability that arises upon proof of an employment relationship. Id. As such, after an employment relationship is established, "'the burden is on the [employer] to prove that the [employee] was not acting within the scope of his employment when he committed the act complained of, and . . . if the evidence leaves the question in doubt it becomes an issue to be determined by the jury.'" Id. (quoting Kensington Assocs., 234 Va. at 432-33).

There is no dispute over whether an employment relationship existed between Dabney and VUU. The parties' disagreement is over whether Dabney acted within the scope of his employment when he ordered and sold the extra toner cartridges. VBS asserts that VUU cannot rebut the presumption of employer liability because it is undisputed that Dabney's job responsibilities included ordering toner and receiving it on campus; that he had access to the toner; and that he ordered the toner while working at VUU as Copy Center Manager. Consequently, the facts irrefutably show that Dabney was acting within the scope of his employment when he ordered and sold the excess toner, and VUU can be held liable under a theory of respondeat superior.

5

VUU, on the other hand, argues that there are material facts in dispute, namely whether Dabney's criminal acts were within the scope of his employment. VUU maintains Dabney's actions were not within the scope of his employment, and the fact that Dabney was authorized to order toner on behalf of VUU does not entitle VBS to summary judgment.

VUU argues that VBS is not entitled to summary judgment simply because Dabney was a VUU employee, as:

> [an employer] is not liable for every wrong which [an employee] may commit during the continuance of an employment. The [employer] is responsible only when it can be said that the [employee] was in the course of his employment when the injury was done. If the [employee] steps aside from his [employer's] business and is engaged in an independent venture of his own, the relation of [employer] and [employee] is for the time suspended. The test is whether the act complained of was done in the course of the [employee's] employment, or outside of it.

Abernathy v. Romaczyk, 202 Va. 328, 332 (1960) (internal citation omitted). VUU argues that Dabney acted outside the scope of his employment when he ordered the extra toner cartridges from VBS because Dabney's actions did not serve the interests of his employer and VUU never condoned or ratified Dabney's actions. Although Dabney had permission to order toner on behalf of VUU, he acted on his own volition when he ordered excess toner and took possession of it upon its arrival on VUU's campus. Because Dabney took an "independent venture of his own," VUU maintains it is not responsible for his actions.

The Court finds that VUU is liable for Dabney's actions under the doctrine of respondeat superior. The undisputed facts establish an employment relationship between Dabney and VUU. As such, there is a rebuttable presumption of employer liability, and the

burden is on VUU to prove Dabney was not acting within the scope of his employment when he engaged in the embezzlement scheme. VUU has not presented any evidence that would rebut the presumption of employer liability.

VUU cannot escape liability simply because it did not authorize Dabney to order and sell the excess toner cartridges. Virginia courts "have long since departed from the rule of non-liability of an employer for wilful or malicious acts of his employee," and "the wilfulness or wrongful motive which moves an employee to commit an act which causes injury to a third person does not of itself excuse the employer's liability therefor." Tri-State Coach Corp. v. Walsh, 188 Va. 299, 305 (1948). The test for whether an employer may be held liable for an employee's actions "is not the motive of the employee in committing the act complained of, but whether that act was within the scope of the duties of employment and in the execution of the service for which he was engaged." Id. at 306.

It is clear that Dabney acted within the scope of his employment. VBS has established that Dabney's acts grew out of the service he was hired to perform. Dabney's responsibilities included ordering toner for VUU and receiving the toner when it arrived on campus. It is undisputed that Dabney was able to order toner cartridges because of his position at VUU and the only reason Dabney had access to the toner was because of his position and the authority granted him by VUU. Dabney's embezzlement scheme involved ordering toner from VBS and converting it for his own use. Thus, the acts Dabney performed arose out of the service he was hired to provide. Because the service Dabney was performing when he engaged in the criminal behavior, ordering toner, was within the scope of his responsibility

as a VUU employee, Dabney acted within the scope of his employment when he ordered the extra toner. Because there is no dispute over facts related to Dabney's actions or the employment relationship between Dabney and VUU, summary judgment is appropriate and VUU is liable for Dabney's actions under the doctrine of respondeat superior.

### i. VUU is Liable for Conversion

Count III of VBS's Complaint alleges that VUU is liable for conversion under the doctrine of respondeat superior. Conversion is "any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of their possession." Universal C. I. T. Credit Corp. v. Kaplan, 198 Va. 67, 75 (1956).

Dabney assumed authority over and deprived VBS of possession its goods when he ordered and took possession of toner cartridges to which he was not entitled. VBS maintains that Dabney denied VBS the right to possession of the toner because neither Dabney nor VUU were entitled to the 1,182 extra toner cartridges Dabney ordered.

VUU argues that it is not liable to VBS for conversion because Dabney's actions were so great and unusual that they fell outside the scope of his employment. VUU admits that Dabney took possession of the toner and deprived VBS of rightful dominion over the cartridges, but argues that it is not responsible for Dabney's actions because the wrong committed was Dabney's unauthorized ordering and selling of toner.

For the reasons stated above, the Court finds that VUU is liable under the doctrine of respondeat superior for Dabney's actions. As such, VUU is liable for Dabney's conversion.

ii. <u>VUU is Liable for Fraud</u>

Count IV of VBS's Complaint alleges VUU is liable for fraud under the doctrine of respondeat superior. To make out a fraud claim, a plaintiff must show: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." <u>Evaluation Research Corp. v. Alequin</u>, 247 Va. 143, 148 (1994).

VBS alleges VUU is liable for fraud because: (1) Dabney made a false representation when he ordered the extra toner cartridges; (2) Dabney's false representation was material, as it gave rise to this lawsuit; (3) Dabney's statements to VBS were made intentionally and knowingly; (4) Dabney intended to mislead VBS when he placed the orders for the extra toner; (5) VBS relied on Dabney's representations when it delivered the toner to VUU; and (6) VBS suffered damages in the amount of the toner cartridges converted by Dabney.

VUU argues VBS is not entitled to summary judgment on its fraud count because Dabney's acts were so great and unusual that they fell outside the scope of his employment.

Because the Court has found that VUU is liable for Dabney's actions under the doctrine of respondeat superior, it follows that VUU is liable for Dabney's fraud.

c. <u>VUU is Liable for Breach of Contract</u>

Count I of VBS's Complaint alleges breach of contract. To prevail on a breach of contract claim, VBS must show: "(1) the existence of a duly executed agreement; (2) performance or offer of performance by plaintiff in accordance with the terms and conditions of the contract; (3) failure by the defendant to perform under the agreement or a

breach of the agreement; and (4) resulting injury." Doral Bank PR v. Fed. Home Loan Mortg. Corp., 2010 U.S. Dist. LEXIS 107330, *10 (E.D. Va. Oct. 7, 2010).

VBS contends that the undisputed facts show VUU breached the agreement. It is undisputed that an agreement existed, VBS delivered toner to VUU as promised, and VUU has not paid for the extra toner ordered and received by Dabney. VBS argues that this is a breach of the parties' agreement, which reads "[i]f you do not pay any rental payment or other sum due to us or other party when due or if you break any of your promises in the Agreement or any other Agreement with us, you will be in default." Pl.'s Ex. 2.

VUU argues that VBS is not entitled to summary judgment on the breach of contract claim because VUU did not breach the lease when it refused to pay for the excess toner. VUU asserts that the lease clearly includes the cost of toner in the monthly payments and that it is not absurd to believe the agreement provided for unlimited toner. VUU offers two reasons for its position. First, VUU contends that VBS shipped the extra toner and submitted invoices stating that no amount was due. If VBS had a problem with the amount of toner ordered by and shipped to VUU, it could have addressed the issue with VUU at that time. Second, the parties entered into a second agreement in early 2009 that took into account that VUU was not printing the amount of pages anticipated in the original agreement. Had VBS implemented the monitoring system VUU expected it to implement, the company would have detected Dabney's actions much sooner. Thus, there is no proof of a breach by VUU.

The Court finds that summary judgment is appropriate on the breach of contract claim. It is undisputed that an agreement was formed between the parties. The parties

disagree solely over whether the contract provided for unlimited toner or only the amount of toner necessary for proper operation of the copiers leased by VBS.

Contract interpretation is a question for the Court, and "'the construction [of a contract] adopted should be reasonable, and absurd results are to be avoided.'" Silicon Image, Inc. v. Genesis Microchip, Inc., 271 F. Supp. 2d 840, 860 (E.D. Va. 2003) (quoting Transit Ca. Co. v. Hartman's, Inc., 218 Va. 703, 708 (1978)). Summary judgment is appropriate for a contract claim if the contract is unambiguous. World-Wide Rights Ltd. P'ship v. Combe, Inc., 955 F.2d 242, 245 (4th Cir. 1992) ("[i]f a court properly determines that the contract is unambiguous on the dispositive issue, it may then properly interpret the contract as a matter of law and grant summary judgment because no interpretive facts are in genuine issue.").

The Court finds that the contract in the instant case is unambiguous, as there is only one reasonable interpretation. The only reasonable interpretation of the contract is the one set forth by VBS - that the contract provided for as much toner as necessary to operate VUU's copiers, and no additional toner. VUU's argument that the contract entitles it to unlimited toner is unreasonable. Because there is only one reasonable interpretation of the contract, it is unambiguous and the Court grants summary judgment on VBS's breach of contract claim.

IV. CONCLUSION

The Court finds no genuine dispute over material facts in this case. VBS has established undisputed facts sufficient to raise a presumption of employer liability on the claims it makes against VUU under the doctrine of respondeat superior. VUU has not set

11

forth any facts that rebut the presumption of liability. With respect to the breach of contract claim, there is only one reasonable interpretation of the contract, which is that the contract entitled VUU only to the amount of toner necessary for proper operation of the copiers. For these reasons and those stated above, Plaintiff's Motion for Summary Judgment is GRANTED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __4th__ day of November 2010