UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| |  |
|---|---|
| EDWARDS BUSINESS MACHINES, INC. d/b/a VIRGINIA BUSINESS SYSTEMS, <br><br> Plaintiff, <br><br> v. <br><br> VIRGINIA UNION UNIVERSITY, <br><br> Defendant. | Action No. 3:10–CV–286 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion for Attorneys' Fees (Doc. No. 28). For the reasons stated below, Plaintiff's Motion is HEREBY GRANTED.

I.    BACKGROUND

Virginia Business Systems ("VBS") sells and leases office equipment. VBS entered into a lease agreement with Virginia Union University ("VUU") on August 8, 2007, under which VBS leased twenty-nine photocopiers and related accessories to VUU. The parties entered into a second lease agreement on March 8, 2009, which had the same terms as the first regarding copier equipment and accessories. Under both agreements, VUU was to pay VBS a monthly fee for photocopiers and related accessories, including toner.

VUU employed Arsham Dabney ("Dabney") as manager of the campus Copy Center. Dabney was responsible for ordering toner from VBS and receiving the cartridges upon arrival on campus. Over the course of one year, Dabney ordered 1,182 cartridges in excess of

1

what VUU needed for the copiers. Dabney sold the excess toner to third parties. VBS detected the ordering of excess toner during an internal audit in May 2009 and immediately notified VUU. VUU decided to involve the police. Dabney subsequently pled guilty to two counts of felony embezzlement in the Circuit Court for the City of Richmond.

VBS sent VUU an invoice in the amount of $180,134.00 for the excess toner. VUU did not pay the invoice, and VBS filed a lawsuit seeking the cost of the excess toner, late fees of fifteen percent, and reasonable costs and attorneys' fees, which were provided for in the lease agreements. The Court granted VBS's Motion for Summary Judgment on November 4, 2010.

II. <u>LEGAL STANDARD</u>

Parties are responsible for their own attorneys' fees unless a statute or agreement provides otherwise. <u>Owens-Illinois, Inc. v. Rapid Am. Corp.</u>, 124 F.3d 619, 626-27 (4th Cir. 1997). The amount of attorneys' fees awarded is within the trial court's discretion. <u>Arnold v. Burger King Corp.</u>, 719 F.2d 63, 67 (4th Cir. 1983). In determining reasonable attorneys' fees, courts must first calculate the lodestar amount. <u>Grissom v. Mills Corp.</u>, 549 F.3d 313, 320 (4th Cir. 2008). The lodestar amount is "the product of reasonable hours times a reasonable rate." <u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565 (1986). The lodestar amount is presumptively reasonable, but may be adjusted based on the circumstances of the case. <u>Id</u>. The court can "subtract fees for hours spent on unsuccessful claims unrelated to the successful ones," <u>Johnson v. City of Aiken</u>, 278 F.3d 333, 337 (4th Cir. 2002), but the Supreme Court cautions that upward adjustments "are proper only in certain rare and exceptional cases, supported by both specific evidence on the record and detailed

findings by the . . . courts." Del. Valley Citizens' Council for Clean Air, 478 U.S. at 565 (internal citation and quotation marks omitted).

The Eastern District of Virginia requires parties requesting attorneys' fees to submit proper documentation of the number of hours each attorney spent on the case. See EEOC v. Nutri/System, Inc., 685 F. Supp. 568, 573 (E.D. Va. 1988) ("[p]roper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks. Fee claimants must submit documentation that reflects reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity."). A court can reduce or deny the requested award if the requesting party does not submit the proper documentation. Id.

### III. DISCUSSION

The parties' Agreement provided that VUU would pay VBS's legal fees if VBS had to refer any matter to an attorney for collection of amounts due under the contract. VBS has incurred legal fees in the amount of $68,145.50 and $2,132.42 in costs, for a total of $70,277.92, in litigating this matter.

VBS has submitted an Affidavit in Support of Attorneys' Fees and Costs by Sean Gibbons, a partner with the law firm representing VBS. Gibbons states in his Affidavit the names and rates of each lawyer and paralegal responsible for representing VBS and asserts that the law firm's hourly rates are reasonable and consistent with the rates charged by similar firms in the area. The Affidavit also states that the amount of work performed and costs associated with the case were reasonable and necessary. VBS also submitted an

Affidavit of Steven D. Brown, Esq., which states that Brown believes the rates charged in this matter are similar to rates charged by other lawyers with similar experience in Richmond, Virginia, and that the time the attorneys spent on the case is normal and customary. Finally, VBS submitted a spreadsheet outlining the rates charged and hours worked by its lawyers and paralegal, as well as copies of the invoices counsel sent to VBS.

VUU urges the Court to reduce the fees awarded to VBS because the Court did not decide one count of VBS's Complaint against VUU. VBS moved for and was granted summary judgment on three of the four counts alleged in its Complaint. VUU argues that, because the Court never determined Count Two, VBS is not entitled to attorney's fees for the work done on Count Two. Because VBS's counsel's bill does not specify how much work was done on each claim, VUU argues that it is reasonable to assume VBS's counsel spent an equal amount of time on each of the four counts in its Complaint. Because the Court only adjudicated three-fourths of VBS's claims, VUU believes VBS is only entitled to three-fourths of the requested fees. VUU further argues that, although the case was filed in federal court, it could have been heard in state court, where the court would likely have set a reasonable fee at twenty-five percent of the amount recovered.

VBS contends that its claims against VUU were all alternate grounds of recovering the same relief. Each claim involved the same operative facts and the damages awarded would have been the same even if the Court granted summary judgment on just one claim. VBS further argues that the time spent in discovery and in litigating this matter was all in furtherance of each claim. Thus, even if VBS had raised and prevailed on just one claim at

the summary judgment stage, the amount of time expended would be almost wholly unchanged. Furthermore, VBS argues, courts should only "'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (quoting Grissom v. Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008)). VBS argues that the claim not raised in its Motion for Summary Judgment was so related to the three prevailing claims that it became moot after the Court decided the other claims. Finally, VBS argues that, even if there was a decision capping attorneys' fees in state courts, that decision would not be binding on this court in this case.

VBS has shown that it is entitled to attorneys' fees and has submitted the necessary documentation to permit the Court to determine if the requested fees and costs are reasonable. The Court finds that the fees and costs are reasonable under the circumstances of this case, and that VUU has not set forth any legitimate grounds for reducing the award.

IV. CONCLUSION

For the reasons stated above, the Court HEREBY GRANTS VBS's Motion for Attorneys' Fees.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

>                                     /s/
> _____
> James R. Spencer
> Chief United States District Judge

ENTERED this  12th   day of January 2011